# EXHIBIT A

Josiah Knapp Law, PC
By: Josiah Knapp, Esquire
Attorney ID: 040921990
100 South Broad Street, Suite 930
Philadelphia, PA 19110
Attorney for the Plaintiff

| | |
|---|---|
| AC Ocean Walk, LLC t/a Ocean Resort Casino,<br><br>Plaintiff(s)<br><br>v.<br><br>Investors Bancorp Inc., dba Investors Bank and Citizens Financial Group, Inc. dba Citizens Bank, National Association,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, CAMDEN COUNTY<br><br>Docket No.:<br><br>COMPLAINT |

The Plaintiff, AC Ocean Walk, LLC t/a Ocean Resort Casino having a principal place of business at 500 Boardwalk, Atlantic City, NJ 08401 says:

1. AC Ocean Walk, LLC t/a Ocean Resort Casino, is a corporation, duly incorporated in the State of New Jersey, having a principal place of business in Atlantic County, New Jersey.

2. Defendant Investors Bancorp Inc. d/b/a Investors Bank is a corporation, incorporated in the State of Delaware, with corporate headquarters located at 101 John F. Kennedy Parkway, Short Hills, NJ 07078.

3. Investors Bank owns and operates banking branches throughout the State of New Jersey, including a location at 1951 Route 70 East, Cherry Hill, NJ 08003 in Camden County.

4. Citizens Financial Group, Inc., is a corporation, incorporated in the State of Rhode Island, with corporate headquarters located at 1 Citizens Plaza, Providence, Rhode Island 02903.

5. Upon information and belief, Citizens Financial Group, Inc., acquired Investors Bancorp, Inc in or about April of 2022 with Citizens as the surviving corporation operating Citizens Bank, National Association as the surviving bank. (All Defendants shall collectively be referred to as "Defendants" or "Investors Bank").

6. On or about April 29, 2022, an order entering judgment in the amount of $811,793.63 was issued by the Court in the matter of <u>AC Ocean Walk, LLC t/a Ocean Resort Casino v. Mark Gallagher</u>, docketed at ATL-L-4029-21.

7. On that same date, the Court issued a Writ of Execution against Mark Gallagher in that matter.

8. On May 3, 2022, Plaintiff sent the Writ of Execution to the Camden County Sheriff for service, requesting the Sheriff to serve Plaintiff's Writ of Execution and levy on any and all accounts under Mark Gallagher's name located at Investors Bank with an address of 1951 Route 70 East, Cherry Hill, NJ 08003.

9. On May 11, 2022, the Camden County Sheriff served the Writ of Execution upon Investors Bank.

10. During May, June and July, as well as the beginning of August, 2022, the Camden County Sheriff informed Plaintiff's counsel, that they had not received a response from Investor's Bank to the Writ.

11. On August 17, 2022, Investors Bank responded to the Sheriff of Camden County, with a letter dated May 11, 2022, stating that the amount levied upon was $7,177.90.

12. As a result, on August 18, 2022, Plaintiff filed a Motion to Turnover Funds in this matter, with Investors Bank as the garnishee in the amount of $7,177.90. (Court Record).

13. The Court issued an order directing Investors Bank to turnover $7,177.90 to the Plaintiff's attorney's office on September 9, 2022.

14. Subsequent to filing its Motion to Turnover Funds, Plaintiff received a response to a Subpoena Duces Tecum it served on Investors Bank previously, which response included

certain information, including the bank statements, of Mark Gallagher for the relevant time period.

15. These responses indicated that Mark Gallagher's Investors Bank account had a balance of One Million Seven Thousand One Hundred Seventy-seven Dollars and Ninety Cents ($1,007,177.90) on May 11, 2022, the date of the levy.

16. As a result of Defendant misrepresenting the amount of money in Mark Gallagher's Investors Bank account on May 11, 2022, and failing to lock down and secure all of the funds necessary to satisfy Plaintiff's Writ of Execution, Plaintiff was only able to receive a turnover order in the amount of $7,177.90 instead of an order to turnover the full judgment balance of $811,793.63, plus post judgment interest and costs.

17. As a result of this misrepresentation, Mark Gallagher was allowed to withdraw money from his Investors Bank account, and Plaintiff is no longer able to move to turnover those funds.

18. As Plaintiff's judgment was for the amount of $811,793.63, plus lawful post judgment interest and costs and Plaintiff was only able to seize $7,177.90 from Mark Gallagher's bank account, Plaintiff has been damaged in the amount of Eight Hundred Four Thousand Six Hundred Fifteen Dollars and Seventy-three Cents. ($804,615.73), plus all post judgment interest and costs.

## COUNT I

19. Plaintiff repeats and re-alleges each and every paragraph above as if set for at length herein.

20. Defendant did intentionally and fraudulently mispresent to Plaintiff the amount of money in Mark Gallagher's Investors Bank account on May 11, 2022, the day the Camden County Sheriff served Investors Bank with Plaintiff's Writ of Execution.

21. Defendant did intentionally and fraudulently fail to secure and hold the full amount required by the Writ to satisfy Plaintiff's judgment.

22. Defendant was aware that both the Camden County Sheriff and a result, Plaintiff would rely on Investors Bank's written response to the Writ as to how much money was in Mark Gallagher's bank account on May 11, 2022.

23. Plaintiff, reasonably and justifiably relied on the response from the Defendant in seeking to turnover only $7,177.90 from Mark Gallagher's Investors Bank account.

24. The remaining funds needed to satisfy Plaintiff's judgment are no longer available in Mark Gallagher's Investors Bank account.

25. As a result of Defendant's intentional fraud, Plaintiff was damaged in the amount of $804,615.73, plus all post judgment interest and costs, which is the difference between the amount owed on Plaintiff's judgment against Mark Gallagher and present in his Investors Bank account on May 11, 2022, and the amount actually turned over to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of $804,615.73 plus accruing interest and costs from May 11, 2022, pursuant to New Jersey Law, attorney fees as allowed by law, costs and such other relief as this Court deems equitable, just and appropriate.

## COUNT II

26. Plaintiff repeats and re-alleges each and every paragraph above as if set forth at length herein.

27. Defendant did incorrectly and negligently misrepresent the amount of money present in Mark Gallagher's Investors Bank account on May 11, 2022, in response to Plaintiff's Writ of Execution, and incorrectly and negligently failed to secure and hold the full amount owed pursuant to Plaintiff's judgment.

28. The Camden County Sheriff, and as a result the Plaintiff, reasonably and justifiably relied on the response from the Defendant in seeking to turnover only $7,177.90 from Mark Gallagher's Investors Bank account.

29. The remaining funds needed to satisfy Plaintiff's judgment are no longer available in Mark Gallagher's Investors bank account.

30. As a result of Defendant's negligent misrepresentation, Plaintiff was damaged in the amount of $804,615.73, plus post judgment interest and costs, which is the difference between the amount owed on Plaintiff's judgment against Mark Gallagher and present in his Investors Bank account on May 11, 2022, and the amount actually reported and turned over to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of $804,615.73 plus accruing interest and costs from May 11, 2022, pursuant to New Jersey Law, attorney fees as allowed by law, costs and such other relief as this Court deems equitable, just and appropriate.

## COUNT III

31. Plaintiff repeats and re-alleges each and every paragraph above as if set forth at length herein.

32. Defendant had a duty to Plaintiff to accurately report the balance of Mark Gallagher's Investors Bank account on May 11, 2022.

33. Defendant had a duty to Plaintiff to secure and hold sufficient funds in Mark Gallagher's Investors Bank account on May 11, 2022, pursuant to Plaintiff's Writ of Execution.

34. Defendant breached this duty to Plaintiff when Defendant incorrectly stated the balance in Mark Gallagher's Investors Bank account on May 11, 2022 in response to the Writ of Execution served on Investors Bank on May 11, 2022.

35. Defendant breached this duty to Plaintiff when Defendant failed to secure and hold the amount owed on Plaintiff's judgment, which was present in Mark Gallagher's Investors Bank on May 11, 2022, in accordance with Plaintiff's Writ of Execution.

36. The remaining funds needed to satisfy Plaintiff's judgment are no longer available in Mark Gallagher's Investors Bank account.

37. Defendant's breach of duty was the proximate cause of Plaintiff not being able to seize by levy the full amount of its judgment against Mark Gallagher.

38. As a result of Defendant's breach, Plaintiff was damaged in the amount of $804,615.73, plus post judgment interest and costs, which is the difference between the amount owed on Plaintiff's judgment against Mark Gallagher and present in his Investors Bank account on May 11, 2022, and the amount actually reported and turned over to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of $804,615.73 plus accruing interest and costs from May 11, 2022, pursuant to New Jersey Law, attorney fees as allowed by law, costs and such other relief as this Court deems equitable, just and appropriate.

## COUNT IV

39. Plaintiff repeats and realleges each and every paragraph above as if set forth herein at length.

40. Defendant violated a lawful order of the Court in failing to correctly comply with Plaintiff's Writ of Execution, report the balance in Mark Gallagher's Investors Bank account as of May 11, 2022 and secure and hold the appropriate amount owed to Plaintiff on its judgment pursuant to Plaintiff's Writ of Execution.

41. Defendant was aware of the Court issued Writ of Execution upon service by the Camden County Sheriff on May 11, 2022.

42. Defendant failed to comply with the Court issued Writ of Execution by misrepresenting the amount of money in Mark Gallagher's Investors Bank account on May 11, 2022, and failing to secure and hold said funds, pursuant to the Writ.

43. The remaining funds needed to satisfy Plaintiff's judgment are no longer available in Mark Gallagher's Investors Bank account.

44. As a result, Plaintiff was prejudiced in the amount of $804,615.73, plus post judgment interest and costs, which is the difference between the amount owed on Plaintiff's judgment against Mark Gallagher and present in his Investors Bank account on May 11, 2022, and the amount actually turned over to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of $804,615.73 plus accruing interest and costs from May 11, 2022, pursuant to New Jersey Law, attorney fees as allowed by law, costs and such other relief as this Court deems equitable, just and appropriate.

JOSIAH KNAPP LAW, P.C.

By: /s/ Josiah Knapp
Josiah Knapp, Esq.
Attorneys for Plaintiff

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-002619-22**

**Case Caption:** AC OCEAN WALK, LLC   VS INVESTORS BANCORP IN C.
**Case Initiation Date:** 10/04/2022
**Attorney Name:** JOSIAH A KNAPP
**Firm Name:** JOSIAH KNAPP LAW, PC
**Address:** 100 S. BROAD ST STE 930 PHILADELPHIA PA 19110
**Phone:** 2154195880
**Name of Party:** PLAINTIFF : AC Ocean Walk, LLC
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** TORT-OTHER
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: AC Ocean Walk, LLC?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/04/2022                                                                                        /s/ JOSIAH A KNAPP
Dated                                                                                              Signed

```
CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN             NJ 08103
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM


                         DATE:    OCTOBER 04, 2022
                         RE:      AC OCEAN WALK, LLC    VS INVESTORS BANCORP IN C.
                         DOCKET:  CAM L -002619 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     THE MANAGING JUDGE ASSIGNED IS:  HON STEVEN J. POLANSKY

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 101
AT: (856) 650-9100 EXT 43126.

     THE ABOVE CASE HAS BEEN REMOVED FROM THE EXPEDITED CIVIL ACTIONS (ECA) PILOT
PROGRAM PURSUANT TO AN ORDER OF THE COURT.  DISCOVERY IS THE APPLICABLE NUMBER OF DAYS FOR
A STANDARD TRACK    2 CASE. RUNNING FROM THE DATE OF THE FILING OF THE FIRST RESPONSIVE
PLEADING.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                        ATT: JOSIAH A. KNAPP
                                        JOSIAH KNAPP LAW, PC
                                        100 S. BROAD ST
                                        STE 930
                                        PHILADELPHIA     PA 19110

ECOURTS
```