IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AC OCEAN WALK, LLC, | |
| Plaintiff, | |
| v. | Civil No. 22-6371 (RBK/AMD) |
| | **OPINION** |
| INVESTORS BANCORP, INC. *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff AC Ocean Walk, LLC ("Ocean Walk")'s Motion to Remand to State Court ("Motion") (ECF No. 17). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

This motion centers on a dispute over this Court's subject-matter jurisdiction pursuant to the federal diversity statute, 28 U.S.C. § 1332(a). Defendants allege that Plaintiff Ocean Walk fraudulently joined one of the parties in its Complaint solely to defeat diversity and this Court's removal jurisdiction. Defendants now seek to sever that party under Federal Rule of Civil Procedure 21 in order to preserve jurisdiction and remain in federal court. Because our analysis requires a closer look at the interplay between the parties themselves, we begin by reviewing the history and citizenship of the parties before providing a brief overview of the relevant facts and procedural history.

1

### A. History and Citizenship of the Named Parties[1]

Plaintiff Ocean Walk is a corporation trading as the Ocean Resort Casino, an Atlantic City casino. Ocean Walk filed its initial complaint in the Superior Court of New Jersey, Camden County Division, on October 4, 2022, against defendants named as "Investors Bancorp Inc., dba Investors Bank" and "Citizens Financial Group, Inc., dba Citizens Bank, National Association" ("CFGI" and "CBNA," respectively). (Notice of Removal, Ex. A., Compl. ¶ 1, ECF No. 1).

Defendant Investors Bancorp, Inc. ("Investors Bancorp") owned and operated banking branches called "Investors Bank" throughout New Jersey until it was acquired by CFGI in April 2022.[2] (*Id.* ¶ 5; Def.'s Mem., Dolson Affirmation ¶ 15, ECF No. 14). Defendant CFGI is a "bank holding company" as defined in 12 U.S.C. § 1841(a) (stating that a "'bank holding company' means any company which has control over any bank or over any company that is or becomes a bank holding company by virtue of this chapter"). (Def.'s Mem. at 2, ECF No. 18). Defendant CBNA is a national banking association organized under the National Bank Act, 12 U.S.C. § 38 *et seq.* (*Id.*).

Ocean Walk is an LLC that is incorporated and has its principal place of business in New Jersey. (Compl. ¶ 1, ECF No. 1). As an LLC, however, Ocean Walk takes on the citizenship of each of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

---

[1] Plaintiff's listing of the named defendants as either separately named parties or "dba" in the Complaint is significant to the fraudulent joinder issue underpinning this Motion. Because the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), the Court considers all defendants named in Plaintiff's Complaint—whether listed as separate entities or "dba"—to be separate parties for the sake of our fraudulent joinder and Rule 21 analyses, *infra*. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 30 n.3 (3d Cir. 1985) ("The status of parties, whether formal or otherwise, does not depend upon the names by which they are designated, but upon their relation to the controversy involved, its effect upon their interests, and whether judgment is sought against them.") (citations omitted). Accordingly, we refer to "Defendants" collectively as any combination of Investors Bancorp, CBNA, and CFGI.

[2] Because of this acquisition, the citizenship of the now-defunct Investors Bancorp is not considered for purposes of determining diversity jurisdiction.

The members of Ocean Walk LLC are ACOWMGR, LLC and AC Beachfront, LLC. The sole member of AC Beachfront, LLC is Ocean Casino Resort Holdings, LLC. Among the members of Ocean Casino Resort Holdings, LLC are Ocean 1, LLC and Ocean 2, LLC. The sole member of Ocean 1, LLC is Ocean 1, Inc., which is a Delaware corporation. The sole member of Ocean 2, LLC is Ocean 2, Inc., which is also a Delaware corporation. (Pl.'s Mem., Nessim Cert. ¶¶ 3–7, ECF No. 12). Plaintiff is therefore a citizen of Delaware and New Jersey.

CBNA is deemed to be a citizen of the state in which its main office is located. *See* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (holding that a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located). CBNA's articles of association list its main office as being in Providence, Rhode Island. (ECF No. 14 at 2). CBNA is therefore a citizen of Rhode Island.

CFGI is a Delaware corporation with its principal place of business in Providence, Rhode Island. (*Id.* at 3). CFGI is therefore a citizen of Delaware and Rhode Island.

### B. Factual Background

Although the instant matter is primarily jurisdictional, we briefly review the underlying facts of Plaintiff's Complaint for context. On or about April 29, 2022, the Superior Court of New Jersey entered judgment in favor of Ocean Walk in the amount of $811,793.63 in the matter of *AC Ocean Walk, LLC v. Gallagher*, ATL-L-4029-21 (Sup. Ct. N.J. Apr. 29, 2022). (Compl. ¶ 6, ECF No. 1). On that date, the Superior Court issued a Writ of Execution against the defendant Mark Gallagher to levy any and all accounts under Gallagher's name at Investors Bank in Cherry Hill, New Jersey. (*Id.* ¶¶ 7–8). The Camden County Sherriff served the Writ upon Investors Bank on May 11, 2022. (*Id.* ¶ 9). Investors Bank responded to the Sherriff over three months later on August 17, 2022—with a letter dated May 11, 2022—stating that the total amount remaining in

Gallagher's accounts was only $7,177.90. (*Id.* ¶ 11). Plaintiff filed both a motion to turn over the funds and a subpoena to Investors Bank, seeking information including Gallagher's bank statements for the relevant time period. (*Id.* ¶¶ 12–14). Soon thereafter, Investors Bank responded to the subpoena indicating that Gallagher's bank account had a balance of $1,007,177.90 on May 11, 2022—the date the levy was originally served to the bank. (*Id.* ¶ 15). Despite this, the bank turned over only the $7,177.90, as Gallagher had evidently emptied his account of the remaining funds over the course of the summer months. (*Id.* ¶¶ 16–17).

Consequently, Ocean Walk sued defendants for, *inter alia*, fraudulently misrepresenting the total amount of funds in Gallagher's accounts in order to evade the full payment of Ocean Walk's Superior Court judgment. (*Id.* ¶¶ 19–44). Ocean Walk seeks judgment against Defendants for the remaining $804,615.73, plus interest, attorneys' fees, and costs. (*Id.* ¶ 44).

### C. Procedural History

Defendants filed a Notice of Removal on October 31, 2022. (ECF No. 1). After multiple extensions, Defendants timely filed an Answer to Plaintiff's Complaint on January 9, 2023. (ECF No. 7). The parties held a joint case management conference by telephone with Magistrate Judge Ann Marie Donio on February 14, 2023, in which the parties first raised possible issues over this Court's diversity jurisdiction. A series of letters and exhibits detailing each party's position on the diversity issue then followed. (ECF Nos. 12–15). On March 7, 2023, the Court by text order on the docket directed Plaintiff to file a motion to remand, if Plaintiff felt it was appropriate to do so, by March 24, 2023. (ECF No. 16).

Plaintiff filed the instant motion to remand on March 22, 2023. (ECF No. 17). Defendants filed a brief opposing on April 7, 2023. (ECF No. 19). Plaintiff replied to Defendants' opposition brief on April 10, 2023. (ECF No. 20). The matter is now fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

### A. Motion to Remand

28 U.S.C. § 1441(a) allows a defendant to remove an action filed in state court to a federal court that would have had original jurisdiction over the action. If removal jurisdiction is premised upon 28 U.S.C. § 1332, the federal diversity statute, complete diversity is required. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("The current general-diversity statute . . . applies only [where] the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *see also Strawbridge v. Curtiss*, 7 U.S 267 (1806). Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. 28 U.S.C. § 1447(c). A case that is removed shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.*

To defeat a motion to remand for lack of subject-matter jurisdiction, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). Generally, where the decision to remand is a close one, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Id.* ("[L]ack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile."). When ruling on whether an action should be remanded to the state court, the district court "must focus on the plaintiff's complaint at the time the petition for removal was filed." *Steel Valley Auth.*, 809 F.2d at 1010 (citing *Abels*, 770 F.2d at 29).

### B. Fraudulent Joinder

In a suit with named defendants who are not diverse from the plaintiff, the doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely

5

upon complete diversity. *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006) (noting that "the diverse defendants may [still] remove the action if they can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction"). Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* at 216 (citing *Abels*, 770 F.2d at 32).

The burden on the party seeking removal on the basis of fraudulent joinder is a heavy one and must be supported by clear and convincing evidence. 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723.1 (Rev. 4th ed.) (hereinafter *Wright & Miller*); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (noting that a removing defendant alleging fraudulent joinder bears a "heavy burden of persuasion"); *Dugan v. AAA N. Jersey*, Civ. No. 18-515, 2018 WL 3422131, at *2 n.1 (D.N.J. June 28, 2018) ("In sum, the standard for identifying fraudulent joinder is extremely demanding."). In determining whether this burden has been met, courts may look beyond the pleading allegations to identify indicia of fraudulent joinder, including supporting documents such as affidavits and deposition transcripts, much like a motion for summary judgment. *In re Briscoe*, 448 F.3d at 219; *Wright & Miller* § 3723.1. However, a district court must not step "from the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.3d at 219 (citing *Boyer*, 913 F.2d at 112).

District courts must find that a defendant was properly joined if there is "even a possibility" that a state court would find that the complaint states a claim. *Boyer*, 913 F.2d at 111. Thus, most federal courts have concluded that, in determining whether the defendant has met its burden to establish fraudulent joinder, courts should examine the facts and law in the light most favorable to the plaintiff. *Wright & Miller* § 3723.1. If the district court determines

6

that it does not have subject-matter jurisdiction over the removed action because the joinder was not fraudulent, it must remand to state court. 28 U.S.C. § 1447(c); *In re Briscoe*, 448 F.3d at 216.

### C. Rule 21 Severance and Party Dispensability

Federal Rule of Civil Procedure 21 provides courts with a discretionary mechanism to sever claims or parties from a case. "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Bound tightly with any Rule 21 severance inquiry is the question of whether the party to be severed can be deemed "dispensable" under Federal Rule of Civil Procedure 19. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (noting that "it is well settled that Rule 21 invests district courts with authority to allow a *dispensable* nondiverse party to be dropped at any time") (emphasis added); *Horn v. Lockhart*, 84 U.S. 570, 579 (1873) ("[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties."); 7 *Wright & Miller* § 1685 ("[A] prerequisite to dropping a party under Rule 21 because the party's citizenship destroys the court's subject-matter jurisdiction over the case, is that the party's presence in the action is not required by Rule 19.").

Under Rule 19, indispensable parties are "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its leaving may be wholly inconsistent with equity and good conscience." *Doolin v. Kasin*, 424 F. App'x 106, 110 n.4 (3d Cir. 2011) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)).

### III.  DISCUSSION

"[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Plaintiff's motion to remand compels Defendants to justify this Court's removal jurisdiction under both §§ 1332(a) and 1441(a). Defendants contend that jurisdiction is proper but for the fraudulently joined CFGI and request that the Court preserve its jurisdiction by severing CFGI under Rule 21. We decline to do so, holding that CFGI was not fraudulently joined and that it would be inappropriate to sever CFGI at this stage.

### A.  "Fraudulent Joinder" of CFGI

Defendants allege that CFGI "is a defendant in name only and joined for the purpose of defeating diversity." (ECF No. 14 at 3). They assert that "CFGI has no connection to this matter because all acts complained of occurred in the context of a banking relationship which resides with CBNA, not its holding company." (*Id.* at 2). They claim further that "CBNA is the only party that provides retail and commercial banking services to the public" and that the Complaint is devoid of any reference to CFGI (ECF No. 19 at 9).

Plaintiff responds that Defendants, for their part, have provided "no substantive evidence to support their claim that CFGI has no involvement or liability with the facts of this matter" other than "vague and largely unsubstantiated declarations." (ECF No. 20 at 1–2). Plaintiff contends that it is "unclear, until discovery is completed, what level of control and direction was exerted over the actions of the bank that held the deposits and what set of rules governed the banks [*sic*] actions or what directors, officers or executives were involved in the decisions regarding the Writ in question." (*Id.* at 2). Plaintiff also observes that Defendants did not file a motion to sever or substitute the parties in the intervening five months between its notice of removal and the instant remand motion, although it could have done so. More convincingly still,

Plaintiff asserts that because CFGI is the entity that acquired Investors Bancorp, and because the directors and officers that control Investors Bancorp are now directors and officers of CFGI, Plaintiff "certainly has a reasonable basis to name CFGI as a Defendant." (*Id.* at 6). We agree.

For CFGI to be dismissed under the doctrine of fraudulent joinder, Defendants must meet the "heavy burden" to establish that CFGI was fraudulently joined. *See Boyer*, 913 F.2d at 111. In its initial complaint, Plaintiff filed suit against CFGI "dba" CBNA, and Defendants responded by filing a motion to remand, alleging that CBNA alone was the proper party to the lawsuit. (ECF No. 1 at 1). Nevertheless, CFGI remained a party to Plaintiff's complaint at the time the removal petition was filed, which anchors our analysis. *See Steel Valley Auth.*, 809 F.2d at 1010. As Plaintiff notes, Defendants did not first seek to substitute the named parties by motion either to this Court or to the Superior Court. Nor, of course, did Plaintiff seek to substitute the parties in any of its own pleadings or supporting documents, even after Defendants had asserted that CFGI was improperly sued. (*See* Answer, ECF No. 7).

Although the Court recognizes that CFGI and CBNA are separate entities, we cannot conclude that Plaintiff did not intend to name CFGI in an independent capacity. Nor would concluding otherwise necessarily be dispositive. *See Abels*, 770 F.2d at 30 n.3 ("The status of parties, whether formal or otherwise, does not depend upon the names by which they are designated, but upon their relation to the controversy involved, its effect upon their interests, and whether judgment is sought against them."). Further, because we review all supporting documents to assess whether Defendants have met their burden to prove fraudulent joinder, *see In re Briscoe*, 448 F.3d at 219; *Wright & Miller* § 3723.1, we find it immaterial to our analysis that allegations specific to CFGI do not appear in the Complaint.

Here, Plaintiff's supporting documents directly dispute Defendants' claims that Plaintiff added CFGI solely to defeat jurisdiction. (ECF Nos. 12, 17, 20). More than this, Plaintiff named CFGI in its initial state court filing, clearly signaling its desire for the matter to appear originally before the Superior Court, and notably doing so long before this Court's jurisdiction was either sought or at issue. In fact, the parties' shared Delaware citizenship did not become clear until the parties raised the issue in their diversity memos, months after CFGI was named in the Complaint or Defendants filed for removal. (ECF Nos. 12–15).

Furthermore, we are satisfied that Plaintiff may yet have a "reasonable basis in fact or colorable ground" supporting its claim against CFGI and that it asserted a good-faith belief that CFGI bears some relation to this dispute. *See In re Briscoe*, 448 F.3d at 216; *Abels*, 770 F.2d at 32. Given that CFGI was the entity that acquired the retail banks at issue in the underlying dispute, it was perfectly reasonable for Plaintiff to believe that CFGI might bear some relation to its claim at the time it filed its complaint in the Superior Court. More significantly, Defendants have not adduced evidence showing that Plaintiff added CFGI solely to defeat diversity.

In assessing whether a party has been fraudulently joined, "there need be only a possibility that a right to relief exists under the governing law to avoid a court's finding of fraudulent joinder." *Wright & Miller* § 3723.1; *see also Boyer*, 913 F.2d at 111. Such a possibility exists with regards to CFGI, and Defendants have not met their burden to prove otherwise by clear and convincing evidence. *See id*. Accordingly, we cannot find that CFGI was fraudulently joined or that Plaintiff added CFGI as a party purely to defeat this Court's jurisdiction.

### B. Rule 21 Severance and Dispensability of CFGI

Defendants also request that CFGI be severed under Rule 21 in order to preserve diversity between the parties and, by extension, jurisdiction in this Court. As we discuss below, dismissing CFGI under Rule 21 severance at this stage would be improper, as Defendants have failed to prove that CFGI is a dispensable party.

Rule 21 is often used "to drop a nondiverse party after 'the case proceeds to trial and judgment [and] issues of judicial economy prevail.'" *Route 27, LLC v. Getty Petroleum Mktg., Inc.*, Civ. No. 10-3080, 2011 WL 1256618, at *10 (D.N.J. Mar. 30, 2011) (quoting *CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*, 357 F.3d 375, 382 n.6 (3d Cir. 2004)). By contrast, courts have rejected attempts to invoke Rule 21 when a suit "is in its nascent stage." *Id.* Consequently, removal in the absence of fraudulent joinder with the hope that a court will drop a party under Rule 21 may be perceived, as Plaintiff notes, as "an attempt to 'end-run' around Third Circuit fraudulent joinder jurisprudence." *Id.*; (ECF No. 20 at 1).

A court's Rule 21 discretion is bounded by: (1) Rule 19, such that indispensable parties may not be dropped; and (2) Rule 21's own requirement that no party be prejudiced. *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 135 (3d Cir. 2022). In *Avenatti*, the panel agreed that Rule 21 severance was appropriate because it involved a plaintiff's *post-removal* addition of a nondiverse defendant via Rule 15(a) amendment. *Id.* at 134. That addition, the panel found, was clearly made in order to defeat diversity after removal jurisdiction had been properly established, and in such an instance courts may invoke Rule 21 severance to help safeguard that jurisdiction. *Id.* ("In removal actions predicated on complete diversity, plaintiffs cannot nullify a court's gatekeeping function by adding jurisdictional spoilers as of right under Rule 15(a)."). Defendants, by contrast, have not made such a showing.

11

Defendants cite *Abhyankar v. JPMorgan Chase & Co.*, No. 18-CV-9411, 2019 WL 6170057 (S.D.N.Y. Nov. 19, 2019), in support of their case for severability. Much like the instant dispute, the defendants in *Abhyankar* sought Rule 21 severance to drop a nondiverse bank holding company from litigation against a national banking association because the plaintiff allegedly did not "identify conduct or responsibilities specific" to the parent corporation. But in finding severance appropriate, *Abhyankar* misapplied the standard for Rule 21 severability and incorrectly imported the comparatively strict plausibility-pleading requirements of Rule 8 into its review. To be sure, conducting a plausibility-pleading analysis at the remand stage is premature: A district court on a motion to remand must not step "from the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.3d at 219 (citing *Boyer*, 913 F.2d at 112). Put simply, it is not the plaintiff's burden to identify conduct or responsibilities specific to the joined party so that it might defeat a request for severability; rather, it is the *defendant's* burden to prove that the joined party should not have been added in the first place.

Plaintiff concedes that it cannot yet prove that CFGI is separately involved in this dispute—that CFGI is, in other words, *indispensable*. (ECF No. 20 at 2). But that concession should not be confused with Defendants' independent burden to prove CFGI's *dispensability* for Rule 21 purposes—that is, that CFGI does not have "an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its leaving may be wholly inconsistent with equity and good conscience." *See Doolin*, 424 F. App'x at 110 n.4 (quoting *Shields*, 58 U.S at 139). While it is possible that Plaintiff's allegations against CFGI may ultimately fall short of stating a plausible claim for relief under Rule 8, such an analysis is more appropriate on a review for dismissal under Rule 12(b)(6). It is expressly *not* appropriate for courts to conduct such an analysis in the context of a

Rule 21 severance motion. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). Nor, as we have said, can Rule 21 be used to work an "end-run around" Defendants' separate burden to establish fraudulent joinder. *See Route 27, LLC*, 2011 WL 1256618, at *10; (ECF No. 20 at 1).

Recognizing that district courts nevertheless enjoy wide discretion in the Rule 21 context, *see Newman-Green, Inc.*, 490 U.S. at 832, it is the party seeking federal jurisdiction—here, Defendants—that must first establish the dispensability of the party it wishes to sever. *See Avenatti*, 41 F.4th at 135. Establishing CFGI's dispensability is indeed "a prerequisite" to this Court's decision whether to drop it as a party under Rule 21. *See Wright & Miller* § 1685. Consistent with our fraudulent joinder analysis, however, Defendants have failed to show clearly and convincingly that CFGI bears no relation to the dispute. True, district courts are "empowered to police the joinder of parties whose presence would defeat subject matter jurisdiction." *Avenatti*, 41 F.4th at 134. But invoking Rule 21 to sever CFGI—a party that Plaintiff chose to name in its original state court complaint—in this instance would be inappropriate and would work only to satisfy Defendants' preferred choice of forum.

Of course, if CFGI truly bears no relation to the underlying controversy, Defendants retain the ability to move for substitution or else seek dismissal of the claims against CFGI in New Jersey Superior Court. On either motion, the court would be more appropriately situated to review whether CFGI is indeed a proper party or whether the claims against CFGI are distinct from those against CBNA. But because we cannot find at this stage that CFGI is dispensable—more precisely, because Defendants have failed to prove the same—we must decline to grant Defendants' request to sever CFGI.

Finally, we cannot be sure that severing CFGI merely to preserve this Court's jurisdiction and before further discovery has been conducted would not cause the Plaintiff undue prejudice. *See* Fed. R. Civ. P. 21; *Avenatti*, 41 F.4th at 135. Declining to sever CFGI and remanding to New Jersey Superior Court with the parties intact eliminates this risk. *See Abels*, 770 F.2d at 29 (noting that "the removal statute should be strictly construed and all doubts should be resolved in favor of remand"). We also stop short of determining *sua sponte* whether CFGI is an indispensable party under Rule 19, as the burden to prove dispensability lies with Defendants.

Because CFGI and Ocean Walk are both citizens of Delaware, this Court does not have subject-matter jurisdiction under 28 U.S.C. §§ 1332(a) or 1441(a) to adjudicate this dispute. Accordingly, the Court remands this case to the Superior Court of New Jersey, Camden County, so that it may proceed in a court of competent jurisdiction. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons expressed above, Plaintiff's Motion to Remand is **GRANTED**. An Order follows.

Dated: 12/20/2023                                     /s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge

14